UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:16-00215 |
| ) | SENIOR JUDGE ASPEN |
| ESPERANZA De La PAZ HERNANDEZ ) | |
| De LONES a/k/a Esperanza Hernandez- ) | |
| Chicas ) | |

POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS

I.   Objection to Advisory Guideline Range

The defendant, Esperanza Hernanandez, through undersigned counsel, hereby notifies this Honorable Court that she has reviewed the Presentence Investigation Report (PSR) with counsel and that she has the following objection to the advisory guideline calculations contained therein. The PSR assigns three criminal history points to Ms. Hernandez for her twenty-six year old conviction from 1991 (PSR at ¶ 28). Ms. Hernandez respectfully submits that this conviction is outside the 15-year time period and therefore should not be assigned criminal history points, pursuant to U.S.S.G. § 4A1.1. Application Note 1 provides:

> A sentence imposed more than 15 years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this 15-year period. *See* § 4A1.2(e).

The PSR indicates that Ms. Hernandez was deported on November 12, 1992. Thus, her incarceration on the 1991 conviction ended on or before November 12, 1992. In the present case, Ms. Hernandez did not re-enter the United States until 2011 or 2012. (Ms. Hernandez is unsure of the exact date that she returned to the United States but is sure that it was not earlier than 2011,

and it may have been in 2012). Thus, the "commencement of the instant offense" in this case occurred outside the 15-year time period. As a result, the conviction listed in the PSR at ¶ 28 should not be assigned criminal history points, and her total criminal history points should be three and not six. With three criminal history points, Ms. Hernandez should be placed in Criminal History Category II and not III. Thus, her advisory guideline range is 27-33 months and not 30-37 months.

II.     <u>The Advisory Guideline Range is Greater Than Necessary</u>

In the present case, Ms. Hernandez respectfully submits that the advisory guideline range is greater than necessary to comply with the goals of sentence as required at 18 U.S.C. § 3553(a).

An ICE detainer is pending against Ms. Hernandez. She will be deported after serving the sentence in this case. Ms. Hernandez is very remorseful for breaking the law and recognizes that she must be punished. Ms. Hernandez knows that she can never again return to the United States and vows to this Court that she never will return to this country illegally.

Ms. Hernandez has put a plan into place to ensure that she will remain in El Salvador and that she will never again illegally enter the United States. Ms. Hernandez has family members in El Salvador who will provide a home for her. Her brother, David Hernandez, lives in the family home in San Miguel, El Salvador, and he has agreed to allow her to live in that home for as long as she needs to do so. Ms. Hernandez's brother, Oscar Hernandez, lives next door to David, and he will be nearby to provide support to Ms. Hernandez. David is also making arrangements to obtain employment for Ms. Hernandez in the cattle business, and Oscar may assist her by getting her a job driving a taxi.

Ms. Hernandez is now 50 years old and will turn 51 in a few months. She suffers from chronic back pain and does not possess the physical stamina she once did. On the two previous occasions that she has unlawfully entered the United States, she undertook a difficult and arduous journey. Ms. Hernandez traveled from El Salvador to the United States on foot, by bus, and in cars. Each trip was dangerous and difficult, and took more than one month to make. She is now too old to ever make such a trip again--nor does she ever want to do so. Ms. Hernandez promises this Court that she has learned her lesson and that she will not ever again illegally enter the United States.

Ms. Hernandez possesses many good personal characteristics. She is a good person, and she is committed to her family. Her family members love her very much and she loves them. She is a hard worker. While in the United States, she has worked hard at various occupations, including working as a house painter.

Ms. Hernandez previously had a relationship with her former partner, Eslin Rodas, and that relationship has ended on an amicable basis. Ms. Rodas currently lives in Los Angeles, California, and has two children, Bailey and Damian. Ms. Hernandez, while in the United States, has spent time raising these children and loves them very much. Ms. Hernandez knows that she will never be able to re-enter the United States to see the children, but Ms. Rodas is going to make arrangements for the children to visit Ms. Hernandez, from time to time, in El Salvador.

Ms. Hernandez has previously entered the United States in order to escape the poverty of El Salvador and to make a better life for herself. She came back because she had family members here, for employment, and because she was also seeking to escape discrimination that she often faced in her native country due to her sexual orientation. When she returns to El Salvador, Ms.

3

Hernandez's family will assist her in remaining safe and with dealing with this discrimination. She has a plan in place to live with her family, to work with them, and to remain for the rest of her life in El Salvador.

III.     Conclusion

Ms. Hernandez looks forward to speaking with this Court at the sentencing hearing. She will vow to this Court that she will never again enter this country illegally, and she looks forward to demonstrating to this Court that she is sincere and truthful about this promise. Ms. Hernandez has already served nearly a year of pretrial detention in jail on this charge. Ms. Hernandez is remorseful, she has learned her lesson, and she has been deterred from ever entering the country again. She respectfully requests that this Court impose a sentence below the guideline range and allow her to return to her family in her native country in the near future.

> Respectfully submitted,
>
> s/ R. David Baker
> R. DAVID BAKER
> Assistant Federal Public Defender
> 810 Broadway, Suite 200
> Nashville, Tennessee 37203
> 615-736-5047
>
> Attorney for Esperanza De La Paz Hernandez De Lones

CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2017, I electronically filed the foregoing *Position of Defendant with Respect to Sentencing Factors* with the U.S. District Court Clerk via CM/ECF, which will send a Notice of Electronic Filing to Mr. Ahmed A. Safeeullah, Assistant United States Attorney, 110 Ninth Avenue South, Suite A-961, Nashville, Tennessee 37203.

> s/ R. David Baker
> R. DAVID BAKER